# United States District Court

_____ DISTRICT OF _____

United States of America ex rel.                           )
                                                           )
RONALD CLEVELAND #N90847                                   )
(Full name and prison number)                              )
(Include name under which convicted)                       )
                                                           )
                                                           )
PETITIONER                                                 )     CASE NO: 08-466-JPG
                                                           )         (Supplied by Clerk of this Court)
        vs.                                                )
                                                           )
Ms. YOLANDE JOHNSON                                        )
(Warden, Superintendent, or authorized                     )
person having custody of petitioner)                       )
                                                           )     FILED
RESPONDENT, and                                            )
                                                           )     JUN 30 2008
(Fill in the following blank only if judgment              )     CLERK, U.S. DISTRICT
attacked imposes a sentence to commence                    )     SOUTHERN DISTRICT OF
in the future)                                             )     EAST ST. LOUIS OFFICE
                                                           )
ATTORNEY GENERAL OF THE STATE OF                           )     Case Number of State Court Conviction:
                                                           )
Ms. LISA MADIGAN - IL.                                     )     03CR26653-01
(State where judgment entered)                             )

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: The Circuit Court of Cook County - CRIMINAL DIVISION

2. Date of judgment of conviction: OCT. 18-2004

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   - BURGLARY

4. Sentence(s) imposed: 15 YEARS

5. What was your plea? (Check one)
   - (A) Not guilty        (✓)
   - (B) Guilty            (  )
   - (C) Nolo contendere   (  )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

_____

_____

13

## PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial:  (Check one):      Jury ( )        Judge only (✗)

2. Did you testify at trial?        YES ( )        NO      (✗)

3. Did you appeal from the conviction or the sentence imposed?  YES (✗)   NO ( )

   (A)  If you appealed, give the

       (1)  Name of court:  *First Judicial District*

       (2)  Result:  *Affirmed*

       (3)  Date of ruling:  *May 29th 2007*

       (4)  Issues raised:  *My attorney withdrew-and filed an "Anders brief"*

   (B)  If you did not appeal, explain briefly why not:

4. Did you appeal, or seek leave to appeal, to the highest state court?   YES (✗)    NO ( )

   (A)  If yes, give the

       (1)  Result  *Affirmed the Appellate courts' decision*

       (2)  Date of ruling:

       (3)  Issues raised:

   (B)  If no, why not:

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )   No (✗)

   If yes, give (A) date of petition: _____  (B) date *certiorari* was denied: _____

43

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES ( )  NO (✗)

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A.  Name of court: _____

B.  Date of filing: _____

C.  Issues raised: _____

_____

_____

D.  Did you receive an evidentiary hearing on your petition?    YES ( )   NO ( )

E.  What was the court's ruling? _____

F.  Date of court's ruling: _____

G.  Did you appeal from the ruling on your petition?        YES ( )   NO ( )

H.  (a) If yes,   (1) what was the result? _____

(2) date of decision: _____

(b) If no, explain briefly why not: _____

I.  Did you appeal, or seek leave to appeal this decision to the highest state court?

YES ( ) NO ( )

(a) If yes,   (1) what was the result? _____

(2) date of decision: _____

(b) If no, explain briefly why not: _____

3

43

2. With respect to this conviction or sentence, have you filed a petition in a state court using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES (✗)     NO ( )

A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   1. Nature of proceeding    *Relief of Judgement*

   2. Date petition filed    _____

   3. Ruling on the petition    _____

   3. Date of ruling    _____

   4. If you appealed, what was
      the ruling on appeal?    _____

   5. Date of ruling on appeal    _____

   6. If there was a further appeal,
      what was the ruling ?    _____

   7. Date of ruling on appeal    _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in federal court? YES ( )    NO ( )

A. If yes, give name of court, case title and case number: _____

_____

B. Did the court rule on your petition? If so, state

   (1) Ruling: _____

   (2) Date: _____

**4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES ( )    NO (✗)

If yes, explain: _____

_____

4

### PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the fact supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fai to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.

(A) Ground one _Ineffective Assistance of Counsel by trial_
Supporting facts (tell your story briefly without citing cases or law):

_and Appellate Counsel. The trial Attorney-Mr. Oppenheimer_
_informed Defendant Ronald Cleveland that the State was_
_seeking A sentence of 3 to 7 yrs. The court also stated_
_A 3 to 7 yr. sentence prior to trial (void judgement)_

(B) Ground two _Denial of Right to Appeal"- The First_
Supporting facts:

_Judicial District stated in Accordance with the_
_mandate of the Anders Decision, we have carefully_
_Reviewed the Record in this case. The aforesaid_
_Brief, and find no Arguable merit to be_
_Raised on Appeal, Viewed in the Light most_
_favorable to the Prosecution, we find this evidence_
_Adduced at trial was sufficent to Allow the Jury_
_To find that the elements of Burglary were Proved Beyond A_
_Reasonable Doubt. This was not a Jury trial, this was a Bench_
_Trial. The Appellate Court stated they carefully reviewed_
_This case._

5

━━━━━━━━ THIS is NOT PLAIN PlAin ERROR, THE JUDGEMENTS OF TWO DIFFERENT CASES GOT MIXED UP BY THE APPELLATe COURT. This WAS NOT A JURY TRIAL.

(D) Ground Three  VOID JUDGEMENT –
Supporting facts:

The COURT STATED IN OPEN COURT-THAT This CASE WAS A 3 TO 7 YEAR SENTENCE, PRIOR TO TRIAL, ON THE SAME DAY OF TRIAL, The COURT WAS UNCONSTITUTIONAL IN GIVING OUT A 15 YEAR SENTENCE.

2  Have all grounds raised in this petition been presented to the highest court having jurisdiction?
   YES ☒   NO ( )

3. If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

6

43

(D.) GROUND FOUR: AN EXCESSIVE SENTENCE-
THE COURT STATED IN OPEN COURT THE STATUTORY
GUIDE LINES IN THIS CASE-A 3 TO 7 YEAR SENTENCE -
DEFENDANT RECEIVED A 15 YR. SENTENCE, AND A CLASS
X SENTENCE WITH 3 YEARS OF (MSR). THERE WAS NO
MENTION OF (MSR). "EQUAL PROTECTION OF THE LAW
IS INTERPETED IN The LIGHT OF THE PEOPLE, FOR The
People" THE FIRST DISTRICT COURT STATED THAT EVIDENCE
VIEWED PRIOR TO TRIAL IS OK, THAT WOULD BE
LOGICAL IF THIS WAS TRIAL STRATEGY, BUT... THIS WAS THE
DECISION OF A REPLACEMENT ATTORNEY who filled IN FOR The
ORIGINAL ATTORNEY, WHO OBVIOUSLY HAD TOO BIG OF A
CASELOAD. THE ONLY EVIDENCE WAS THE VIDEO TAPE- is
There NOT A GOOD TRIAL STRATEGY FOR THE STATE to
WITHOLD The VIDEO "TAPE"-OF COUSE it is GOOD STRATEGY,
A UNDERHAND PROSECUTION. Ronald Cleveland Believes
his SENTENCING RANGE is 3 TO 7 YEARS, AND there is NO
EVIDENCE AGAINST HIM. THAT All he DONE WAS
CARRY OUT GARBAGE BAGS, WHAT WAS it-he WAS
CARRYING iN THE GARBAGE BAGS? WAS THIS The TAPE
FOR the DAY OF The BURGLARY? WAS the TAPE Altered?
Is there ANOTHER EMPloyee THAT Look LiKE Ronald
Cleveland? How could ANY COMPETENT ATTORNEY
ANSWER "READY FOR TRIAL", especially A SUBSTITUTE
ATTORNEY? The ILLinois COURTS WERE WRONG-"A ATTORNEY WHO
GOT scheduling conflicts have No excuse. THERE WILL AlWAYs
BE A

TOMORROW, SO WE WON'T MAKE A MISTAKE
TODAY. There is A EXPERT ON TAPES "somewhere"
THIS ATTORNEY WAS NOT A EXPERT.

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgmer attacked herein:

(A)  At preliminary hearing *DAVID WIENER - 53 W. JACKSON BLVD. (suite 633) ChGo. IL. 6060*

(B)  At arraignment and plea *SAME ATTORNEY AS ABOVE*

(C)  At trial *MichAEL Oppenheimer - sAMe address As WIENER ABove (LAW PARTNER)*

(D)  At sentencing *Both - ABove NAMed attorneys*

(E)  On appeal _____

(F)  In any post-conviction proceeding _____

(G)  Other (state): _____

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (  )  NO (✗)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in thi. proceeding.

X Signed on: *6-25-08*
          (Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

*Ronald Cleveland*
(Signature of petitioner)
*#N 90847*
(I.D. Number)
*VIENNA CORR. CNTR. 6695 STATE RT. 146 EAST*
(Address)          *VIeNNA, IL. 62995*

7

43

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** CLEVELAND, RONALD | **IDOC Number:** N90847 | **Race:** BLK |
| **Hearing Date/Time:** 4/4/2008  09:44 AM | **Living Unit:** VIE-05-D-04 | **Orientation Status:** N/A |
| **Incident Number:** 200801335/1 - VIE | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 4/1/2008 | 200801335/1-VIE | DALY, PHILLIP C | RECORD OFFICE | 10:00 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 212 | Frivolous Lawsuit | Guilty |
| | *Comments:03-CR-26653* | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
CHARGE READ TO INMATE. INMATE PLEADS NOT GUILTY. INMATE STATES HE DID FILE PETITION FOR POST CONVICTION RELIEF 2-1401 BUT DID NOT FEEL THE MOTION WAS FRIVOLOUS. INMATE STATES HE FEELS JUDGE FOX HAS SOMETHING AGAINST HIM PERSONALLY.

## BASIS FOR DECISION
BASED ON WRITTEN REPORT FROM RECORD OFFICER SUPERVISOR PHIL DALY STATING THE RECORD OFFICE SUPERVISOR RECEIVED COURT ORDER FROM JUDGE LAWRENCE P. FOX DECLARING THAT PETITION FOR POST CONVICTION RELIEF (2-1401) OF INMATE CLEVELAND N90847 WAS  DETERMINED BY JUDGE FOX TO BE FRIVOLOUS PER 730 ILCS 5/3-6-3(D). COURT ORDER FROM JUDGE FOX ALSO STATES $105.00 IN FILLING FEES AND COURT COSTS BE REPAID BY INMATE. (SEE ATTACHED)
POSITIVE ID OF INMATE BY INMATE PHOTO AND INMATE MASTER FILE.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 6 Months |
| Restitution of $ 105.00 Paid to COOK CO CIRCUIT CLERK OFFICE | Restitution of $ 105.00 Paid to COOK CO CIRCUIT CLERK OFFICE |
| **Basis for Discipline:SERIOUSNESS OF THE OFFENSE** | |

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| ELLIOTT, TIMOTHY W  - Chair Person | *[signature]* | 04/04/08 | WHI |
| SUITS, BRENDA M | *[signature]* | 04/04/08 | HSP |
| Recommended Action Approved | | | |

**Final Comments:** N/A

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** CLEVELAND, RONALD      **IDOC Number:** N90847      **Race:** BLK

**Hearing Date/Time:** 4/4/2008  09:44 AM      **Living Unit:** VIE-05-D-04      **Orientation Status:** N/A

**Incident Number:** 200801335/1 - VIE      **Status:** Final

YOLANDE D JOHNSON / YDJ  4/8/2008      04/08/08

**Chief Administrative Officer**      Signature      Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

JAMES E REID      4/11/2008      01:00 PM

**Employee Serving Copy to Committed Person**      When Served  - - Date and Time

*2D-14-B*

01.07.428A-J

## SENTENCE CALCULATION WORK SHEET

### REVOCATION OF GOOD CONDUCT CREDITS WHEN SENTENCE IS DETERMINATE UNDER 1978 LAW

NAME *Ronald Cleveland*    NUMBER *N90847*    DATE *6/6/08*

(STEP 1)

Yr.  Mo.  Day

*3*    (Good Conduct Credits Revoked From
Sentence By Director On *6/3/08*

(STEP 2) (MITTIMUS NUMBER *03CR2665,301*

PROJECTED OUT DATE

| Yr. | Mo. | Day | |
|-----|-----|-----|--|
| *04* | *7* | *10* | (Custody Date) |
| + *7* | *6* | | (Sentence Less G.C.C.) |
| *12* | *1* | *10* | (Projected Out Date or PRB Projected Out Date) |
| +or- | | | (Previous Time - Lost/Awarded) |
| *12* | *3* | *10* | (Projected Out Date) |
| + | | | (Present Revocation) |
| *12* | *4* | *10* | (Adjusted Projected Out Date) |

(STEP 3)

MANDATORY OUT DATE

| Yr. | Mo. | Day | |
|-----|-----|-----|--|
| *04* | *7* | *10* | (Custody Date) |
| + *15* | | | (Sentence) |
| *19* | *7* | *10* | (Mandatory Out Date or PRB Mandatory Out Date) |

Adj. Proj. Out Date *4-10-12*     Terminal Operator *___*
Mandatory Out Date *7-10-19*     Date Entered *6-6-08*
Calculated By *Naomi ___*

DC 1328

C

**DOROTHY BROWN**
CLERK OF THE CIRCUIT COURT



Criminal Division
2650 South California Avenue
Room 526
Chicago, Illinois 60608
(773) 869-3147
FAX (773) 869-4444
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

March 28, 2008

Ronald Cleveland #N90847
Vienna C.C.
6695 State Rt. 146 East
Vienna, IL 62995

Dear Ronald Cleveland:

RE:    Case Number 03CR26653-01

Please be advised that on 03/21/08, the Honorable Judge Lawrence P. Fox
denied your motion for Petition for Post-Conviction Relief.  Fees and Costs are
assessed per the Draft Order.  Attached are Orders signed by Judge Fox with the
rulings..

If you have additional questions regarding this ruling, please contact your
attorney, or the public defender.

Office of the Public Defender, Cook County
2650 South California Avenue
7th Floor
Chicago, IL 60608
(773) 869-3222

Sincerely,
**Dorothy Brown**
Clerk of the Circuit Court of Cook County, Illinois

By: _____    Deputy Clerk

CCCR EF18-2/9/2008. Motion Denied Letter.

C

3/21/08, 2007

**ENTERED**
JUDGE LAWRENCE P. FOX-0222

MAR 21 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK_____

Vienna Correctional Center
6695 State Route 146 East
Vienna, IL 62995-3122

Re: People of the State of Illinois v. RONALD CLEVELAND
No. 03 CR 26653

Dear Mr. RONALD CLEVELAND

Enclosed herewith is a copy of the order entered this date dismissing your petition and ~~an order~~ assessing filing fees and actual court costs. ~~Your motion for appointment of counsel and leave to proceed in forma pauperis is likewise denied~~. A copy of this order is being transmitted to the Legal Department of Vienna Correctional Center for further action.

In the event you are desirous of appealing from the dismissal order, you have 30 days to file a Notice of Appeal with the Clerk of the Circuit Court of Cook County.

Very truly yours,

Lawrence P. Fox

Judge Lawrence P. Fox
Circuit Court of Cook County
Criminal Division

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff-Respondent | ) | |
| | ) | |
| v. | ) | 03-CR-26653 |
| | ) | |
| RONALD CLEVELAND | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

**ENTERED**
JUDGE LAWRENCE P. FOX-0222

MAR 21 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

### ORDER

This matter having come on to be heard for assessment of court costs and fees pursuant to 735 ILCS 5/22-105 (West 2007), the court having denied the petition for _2-1401_ on this date upon a finding that it was entirely frivolous in that:

1. it lacks an arguable basis in law or in fact;
2. it is being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
3. the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
4. the allegations and other factual contentions do not have evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; or
5. the denials of factual contentions are not warranted on the evidence, or if specifically so identified, are not reasonably based on a lack of information or belief.

**IT IS THEREFORE ORDERED** that petitioner be assessed the following filing fees and actual court costs in the amount of _$90 : 00_ for filing a petition _2-1401_, plus $15.00 in mailing fees pursuant to 705 ILCS 105/27.2 TOTAL (West 2007). In satisfaction of this assessment, the Illinois Department of Corrections shall $ collect a first time payment of 50% of the average monthly balance of petitioner's trust fund $105 account for the past six months. Thereafter, 50% of all deposits into petitioner's account shall be withheld until the assessment costs are collected in full.

**ENTERED:** _____

Judge Lawrence P. Fox
Circuit Court of Cook County
Criminal Division

**DATED:** _3/21/08_

3/21/08, 2008

```
ENTERED
JUDGE LAWRENCE P. FOX-0222
MAR 21 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

Director Legal Department
Vienna Correctional Center
6695 State Route 146 East
Vienna, IL 62995-3122

Re: People of the State of Illinois v. RONALD CLEVELAND
03 CR- 26653
Inmate # N90847

Dear Director:

Enclosed herewith is a copy of the order denying 2-1401 petition for post conviction relief ~~entered this date. Also enclosed please find a copy of the order~~ and assessing filing fees and actual court costs pursuant to 735 ILCS 5/22-105 (West 2007).

Please be advised that inasmuch as the court also determined the petition to be frivolous pursuant 730 ILCS 5/3-6-3(d) (West 2007), this information is being forwarded for your determination as to such further action as may be deemed appropriate.

Should you have any questions or require any additional information, please do not hesitate to contact me at (773) 869-3203.

Very truly yours,

Lawrence P. Fox

Judge Lawrence P. Fox
Circuit Court of Cook County
Criminal Division

Enclosures

c

**DOROTHY BROWN**
clerk of the circuit court

Criminal Division
2650 S. California, Room 526
Chicago, Illinois 60608
(773) 869-3140
FAX (773) 869-4444
www.cookcountyclerkofcourt.org



## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

Date: *March 28, 2008*

Mr. Glenn Jackson
Chief Record Offices
Illinois Department of Corrections
1301 Concordia Court
Springfield, Illinois 62701

RE: Post Conviction Proceedings/Petition
Cook County Criminal Division Case Number: *03 CR 26653-01*

Mr. Jackson:

Pursuant to the attached order, one or more of the following may be applicable and may require your attention:

§ 730 ILCS 5/3-6-3  Rules and Regulations for Early Release
§ 735 ILCS 5/22-105  Frivolous lawsuits filed by prisoners
§ 705 ILCS 105/27.2  [Fees in counties with population between 500,000 and 3,000,000; local governments and school districts over 3,000,000]

Yours truly,
Criminal Division
Post-Conviction Team
773-869-5585





105303                    SUPREME COURT OF ILLINOIS
                          CLERK OF THE COURT
                          SUPREME COURT BUILDING
                          SPRINGFIELD, ILLINOIS 62701
                          (217) 782-2035

                     November 29, 2007


Mr. Ronald Cleveland
Reg. No. N-90847
Shawnee Correctional Center
6665 State Route 146 East
Vienna, IL 62995

No. 105303 - People State of Illinois, respondent, v. Ronald
             Cleveland, petitioner.  Leave to appeal, Appellate
             Court, First District.

     The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

     The mandate of this Court will issue to the Appellate Court

on January 4, 2008.

STATE OF ILLINOIS

COUNTY OF Cook      SS      IN THE

First Juoicial District

People of the State of ILLINOIS )
        Respondent           )
                             )    CASE NO. 03 CR 26653-01
                             )
RONALD CLEVELAND            )

## NOTICE OF FILING

ATTN: Dorothy Brown
TO: Clerk of the Circuit Court:_____      TO:_____
    2650 S. Calif Ave
    Chgo, IL. 60608                                  _____

1 Original & ___ copy          ___ copy(ies)          ___ copy(ies)

PLEASE TAKE NOTE that on the 31st day of JAN.          ,2008, I
have filed, through the U.S. Mail, with the above named parties, the below listed
documents (number of copies & originals filed are listed below the addresses of
the parties):
1) Motion for Relief of Judgement
2)_____
3)_____
4)_____
5)_____
6)_____
7)_____
8)_____

## AFFIDAVIT OF SERVICE

I, Ronald Cleveland         , being first duly sworn on oath, deposes and avers
that he/she has caused the above stated documents in the above stated amounts, to be
served upon the above listed parties by placing the same in the U.S. MAIL BOX on
Housing Unit # 1 located at Vienna  Correctional Center in Vienna, IL for
delivery as 1st Class Mail.

                                s/s Ronald Cleveland
                                NAME: Ronald Cleveland
                                IDOC Reg. No. N90847

Subscribed and sworn to before me this 30 day of Jan, 2008

                "OFFICIAL SEAL"
                J. Karen Jones
        Notary Public, State of Illinois  NOTARY PUBLIC
        My Commission Exp. 06/05/2008

Revised Jan 2002

IN THE CIRCUIT COURT OF THE _____*First*_____ JUDICIAL COURT
_____*Cook*_____ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
    Plaintiff-Respondent )
     )
    vs. ) No. *03 CR 26653-01*
     )
*Ronald Cleveland* )
    Defendant/Petitioner )

### PETITION FOR RELIEF FROM JUDGMENT

Petitioner, *Ronald Cleveland*, pro se, brings this petition

pursuant to 735 ILCS 5/2-1401, the Court having jurisdiction of this matter

pursuant to 735 ILCS 5/2-101. Petitioner submits the following information

in support of his petition for relief from judgment:

1.    My Register Number is *N 90847*    , and I am presently

incarcerated at the _____*Vienna*_____ Correctional Center, **6695 St. Rt. 146**

**East**_____, Vienna, Illinois 62995, in the custody of the Warden,

*Glenda Johnson* .

2.    The length of my sentence in Case No. *03CR26653-01*, was

*15*  years for the offense (s) of *Burglary*

_____

_____ .

3.    I was sentenced on Case No. *03CR26653-01* by the Circuit Court

of _____*Cook*_____ County, _____*First*_____ Judicial Circuit, on

_____*10-18*_____, *2004* , by the Honorable _____*Fox*_____,

Judge Presiding.

4.    My scheduled release date from the Illinois Department of Corrections

is _____*1-10*_____, *2012* .

### REASONS FOR GRANTING RELIEF

5.   *Stated under 730 ILCS 5/5-8-2 Extended term*

*(4) for a class 2 felony, a term shall be Not less than 7 yrs.*

*And Not more than 14 years.*_____.

6. _The court failed to make defendant aware that he was facing an extended term prior to trial_.

7. _Defendant received ineffective of counsel assistance_.

8.    Petitioner has submitted herewith his Affidavit In Forma Pauperis with attached Certification of Institutional Funds, by which he seeks approval of the Court to proceed as a poor person. Also submitted is proposed Order granting permission to proceed as a poor person without payment of fees.

9.    Petitioner has attached his Affidavit In Suport of Petition for relief from judgment in this cause of action.

WHEREFORE, Petitioner asks the Court to set aside the finding of guilty in Case No. 03CR26653-01 and grant him a new trial.

Respectfully submitted,

Ronald Chuelead

Petitioner
Reg. No. N90847
**6695 State Route 146 E.**
          **Vienna**     Correctional Center
Vienna, IL 62995

**STATE OF ILLINOIS** )
                )SS
**COUNTY OF JOHNSON** )

**AFFIDAVIT**

I, _Ronald Cleveland_ , affiant, being first duly sworn upon
oath, deposes and states that he is the maker of the attached Motion for Leave
to Proceed in Forma Pauperis, that he has read the contents thereof, and that
the contents therein are true and correct in substance and in fact, to the best
of his knowledge and belief.

Dated this _31st_ day of _JAN._ , _2008_

s/ _Ronald Cleveland_
Petitioner
Reg. No. _N 90847_
**6695 State Route 146 East**
Vienna, Illinois 62995

**DECLARATION UNDER PENALTY OF PERJURY**

I declare (or certify, verify, or state) under penalty of perjury, that I
am the plaintiff/pettitioner in the above Motion for Leave to Proceed in Forma
Pauperis, and affidavit in support thereof, and that the information contained
therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. § 1621

Date: _1-31-08_

_Ronald Cleveland_
Signature

THE CIRCUIT COURT FOR THE ___First___ JUDICIAL COURT
___Cook___ COUNTY, ILLINOIS

People of the State of IL.    )
                              )
                              )    No. 03CR26653-01
Ronald CLEVELAND    )

## MOTION FOR APPOINTMENT OF COUNSEL

The undersigned (Petitioner/Respondent), _Ronald Cleveland_ , respectfully moves the court
to appoint counsel for (him/her) in this cause. In support, (Petitioner/Respondent) states:

1. I have been incarcerated continuously since ___7-10-04___ , and am presently held in
   custody and residing at the ___Vienna___ Correctional Center in ___Vienna___
   Illinois, County of ___Johnson___ .

2. I am without sufficient income or assets with which to pay for the costs of these proceedings
   or to employ an attorney to represent me in this matter.

3. I am without the services of counsel to represent me in this matter and I wish the Court to
   appoint counsel to represent me in this matter.

4. I have a constitutional right to access to the courts, and without the assistance of counsel,
   my access to the courts will not be adequate, effective or meaningful because: _I AM NOT well VERSED IN Law + therefore, I NEED legal Assistance_
   _____

5. My (claim/defense) in this matter is not frivolous or malicious, but is colorable and meritorious.

6. Since this matter concerns the (condition/duration) of my confinement, I have sought
   (institutional/administrative) review of this matter through the proper grievance procedures before
   this action was filed. (At this point state what, if any, action was taken or decision that was made
   concerning your grievances).
   _I did Not submit GRIEVANCE_
   _____
   _____

WHEREFORE, (Petitioner/Respondent) _Ronald Cleveland_ , respectfully requests
that counsel be appointed to represent (him/her) in this matter.

_Ronald Cleveland_
(Your Signature)

Type or print name _RONALD CLEVELAND_
Register number ___N 90847___
___Vienna___ Correctional Center
6695 State Route 146 East
___Vienna___ , Illinois _62995-3122_

IN THE CIRCUIT COURT FOR THE _First_ JUDICIAL COURT

_Cook_ COUNTY, ILLINOIS

People of the State of Il.                 )
                                           )
Ronald Cleveland                           )        No. 03CR26653-01
                                           )
                                           )

## APPLICATION TO SUE OR DEFEND AS A POOR PERSON

Applicant, _Ronald Cleveland_ respectfully requests the Court, pursuant to Illinois Revised Statutes, ch. 110, sec. 5-105 [after 1992 see 735 ILCS 5/5-105] and Rule 298 of the Illinois Supreme Court, to grant (him/her) leave to (sue/defend) as a poor person; in support applicant states that the following facts are true in substance and in fact:

1. I am the (Petitioner/Respondent) in the above captioned legal proceedings.

2. I am a poor person and unable to (prosecute/defend) this action and am unable to pay the costs, fees and expenses of this action.

3. My occupation or means of subsistence:
   (a) I am not currently employed due to my imprisonment at _Vienna_ Correctional Center but I receive (a state stipend/nominal wages) of $ _10_ per month.
   (b) The amount and source of all other income or support are:
       _None_

4. My total income for the preceding year was $ _incarcerated_

5. The sources and amount of income expected by me hereafter are:
   _NONE_

6. The nature and current value of any property, real or personal, owned by me:
   (a) Real Estate: _0_
       value: $_____
   (b) Motor Vehicle: _0_
       value: $_____
   (c) Cash, savings, checking, etc. _0_
       value: $_____
   (d) Prison trust account: _0_
       value: $_____
   (e) Other (eg., T.V., etc.) _____
       value: $_____

7. No applications for leave to sue or defend as a poor person were filed by me or on my behalf during the preceding year, except as follows:
   _NONE_

8. I believe in good faith that I have a meritorious (claim/defense).

_Ronald Cleveland_
(Your signature)

Type or print name _RONALD CLEVELAND_
Register Number: _N 90847_
_Vienna_ Correctional Center
~~Box~~ _6695 State - Rt. 146 East_
_Vienna_, Illinois _62995_
(Petitioner/Respondent), Pro Se

1    STATE OF ILLINOIS    )
                           )    SS:
2    COUNTY OF C O O K    )

3            IN THE CIRCUIT COURT OF COOK COUNTY
               COUNTY DEPARTMENT - CRIMINAL DIVSION
4
     THE PEOPLE OF THE STATE        )
5    OF ILLINOIS,                   )
                                    )
6                   Plaintiff,      )
                                    )
7         vs.                       )    No.   03-CR-26653
                                    )
8    RONALD CLEVELAND,              )
                                    )
9                   Defendant.      )

10

11               REPORT OF PROCEEDINGS had at the

12   hearing in the above-entitled cause before the

13   HONORABLE LAWRENCE P. FOX, Judge of said court, on

14   the 24th day of August, 2004.

15        PRESENT:
          HONORABLE RICHARD A. DEVINE,
16        State's Attorney of Cook County, by:
          MS. Lori Rosen,
17        Assistant State's Attorney,
                    appeared on behalf of the People;
18

19
          MR. Michael Oppenheimer,
20                  appeared on behalf of the Defendant.

21

22   Patrick J. Flannery
     Official Court Reporter
23   License No. 084-001220

24

                            1

1                           I N D E X

2                   G-1 to G-89      date; 8/24/04

3               DIRECT    CROSS    REDIRECT    RECROSS

4    Defense opening:  G-3

5    Eric Domingo      G-4      G-10

6    Bob Giovannoni    G-12     G-19

7    Nevenka Gould     G-21     G-30

8    Tim Anderson      G-35     G-54     G-61      G-63

9    Ofc. Moriarty     G-65     G-71

10   People rest;  G-74

11   Motion directed verdict;    G-74

12   Ruling;  G-81

13

14

15

16

17

18

19

20

21

22

23

24

```
 1              THE CLERK:  Ronald Cleveland.
 2              MR. OPPENHEIMER:  Afternoon, Judge.
 3              THE COURT:  Afternoon.
 4              MR. OPPENHEIMER:  My name is Mike
 5    Oppenheimer, O-p-p-e-n-h-e-i-m-e-r.  Stepping for
 6    David Wiener for Mr. Ronald Cleveland.
 7              THE COURT:  Okay.
 8              MR. OPPENHEIMER:  We answer ready for
 9    trial.
10              THE COURT:  Fine.  He's executed a jury
11   waiver?
12              MR. OPPENHEIMER:  Correct, Judge.  I am
13   tendering it to the Court.
14              THE COURT:  Fine.  You understand by
15   signing this, Mr. Cleveland, you give up your right
16   to jury trial in this case, request that I hear the
17   case in a bench trial?
18              THE DEFENDANT:
19        A.   Yes, sir.
20              THE COURT:  You know what a jury trial is,
21   what it is you are giving up by signing this, is that
22   correct?
23        A.   Yes, sir.
24              THE COURT:  Okay.  Fine.  Jury waiver
```

1    accepted, made part of the court file.

2              And both sides are ready to proceed?

3              MR. BUNTINAS:  Yes.

4              MR. OPPENHEIMER:  Yes.

5              THE COURT:  Okay.  Either side wish to make

6    an opening statement.

7              MR. BUNTINAS:  State waives.

8              MR. OPPENHEIMER:  Judge, I will make a

9    brief opening.

10             THE COURT:  Go ahead.

11                  OPENING STATEMENT

12                  BY; MR. OPPENHEIMER:

13             MR. OPPENHEIMER:  Judge, what this case

14   really is about beyond a reasonable doubt Mr.

15   Cleveland is charged with taking, entering a room,

16   that is the the pathology unit at Michael Reese

17   Hospital, and taking 4 microscopes.

18             The evidence that you will hear belies

19   that.  What you will hear, what you will see is a

20   videotape showing someone going into suites, offices,

21   offices somewhere at Michael Reese Hospital, removing

22   garbage bags, carrying those bags.  All this is, this

23   case is not about microscopes, this is about garbage

24   bags.

G-4

1          That is what you will hear.  And the State

2     will be unable to prove their case beyond a

3     reasonable doubt.

4          THE COURT:  State, call your first witness.

5          MS. ROSEN:  Yes.  Our first witness is Eric

6     Domingo, E-r-i-c, D-o-m-i-n-g-o.

7          THE COURT:  The charge in the case is

8     burglary.  It is Class 2 felony punishable by 3 to 7

9     years in the Illinois Department of Corrections.

10    Right.  Okay.

11         MS. ROSEN:  Yes.

12         THE COURT:  Okay.  Stand and raise your

13    right hand, sir.

14              (Witness sworn.)

15              ERIC DOMINGO,

16    called as a witness herein, after having been first

17    duly sworn, was examined and testified as follows;

18              DIRECT EXAMINATION

19              By; Ms. Rosen:

20         THE COURT:  Be seated, please.

21         MS. ROSEN:

22    Q.   Mr. Domingo, could you state your name,

23    spell your first and last name?

24    A.   My name is Eric Domingo, E-r-i-c,



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

**203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447**

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

June 1, 2007

**GINGER LEIGH ODOM**
ASSISTANT APPELLATE DEFENDER

Mr. Ronald Cleveland
Register No. N-90847
Western Illinois Correctional Center
R.R. # 4, Box 196
Mt. Sterling, IL  62353

Dear Mr. Cleveland:

   Enclosed find a copy of the court's order allowing my motion to withdraw as counsel and affirming your conviction.  This means that your conviction and sentence stand.  Our representation of you has come to an end and your file will be closed.  However, our decision to close your case does not prevent you from appealing your case further on your own.  The following pages describe the procedures necessary to urge higher courts to look at your case.

   I am very sorry that there was nothing that we could do for you.  Good luck.

                    Sincerely,

                    GINGER LEIGH ODOM
                    Assistant Appellate Defender

   cc:  Docketing cl23
        SADA No. 102116

NOTICE

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

ODOM

SECOND DIVISION
May 29, 2007

No. 1-06-0409

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03 CR 26653 |
| | ) | |
| RONALD CLEVELAND, | ) | Honorable |
| | ) | Lawrence P. Fox, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Following a bench trial, defendant Ronald Cleveland was found guilty of burglary. He was then sentenced as a Class X offender to 15 years' imprisonment.

Defendant appealed, and the State Appellate Defender, who was appointed to represent him, has filed a motion for leave to withdraw as counsel. In support of her motion, counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), in which she concludes that there are no meritorious issues to be raised. Copies of the brief and motion were sent to defendant and he was advised that he might submit any points in support of his appeal. Defendant has filed two pro se responses in which he raises multiple contentions of error, including a claim that the State failed to prove him guilty beyond a reasonable doubt.

1-06-0409

In accordance with the mandate of the Anders decision, we
have carefully reviewed the record in this case, the aforesaid
brief, and defendant's *pro se* responses and have found no issues
of arguable merit to be raised on appeal. Viewed in the light
most favorable to the prosecution, we find that the evidence
adduced at trial was sufficient to allow the jury to find that
the elements of burglary were proved beyond a reasonable doubt.
People v. Williams, 193 Ill. 2d 306, 338 (2000).

Dr. Nevenka Gould testified that on November 14, 2003, she
left the pathology department of Michael Reese Hospital at 6:50
p.m.  She returned the next morning about 9:30, and noticed that
the lock and door frame of another doctor's office had been
damaged and the microscope inside was missing.  Dr. Gould looked
down the hallway and saw that four offices had been broken into
and that four microscopes were missing.  She described the
microscopes as being about 10 to 12 inches by 6 to 8 inches in
size, and weighing between 5 and 7 pounds.

Timothy Anderson testified that he was the director of human
resources at the hospital on the date in question and was
responsible for security.  He testified that swipe cards were
used to gain entry to the pathology department, but that
custodians did not have swipe card access.

On November 15, 2003, Anderson viewed a surveillance tape
which had recorded the pathology department from 5 p.m. on

- 2 -

1-06-0409

November 14, 2003, to 9 a.m. the next day.  While watching the
black and white tape in time-lapse speed, Anderson saw defendant,
a hospital employee whom he recognized from previous encounters,
looking through the windows of the office doors, entering four of
those offices, and exiting with bags full of something.
Defendant deposited the bags in a certain area of the department,
then collected them and exited through a side door.

On cross-examination, Anderson acknowledged that because the
surveillance tape was in black and white, he could not determine
what color bags defendant was carrying.  He also stated that the
tape did not show the interior of the offices or defendant
actually removing the microscopes from the offices.

Bob Giovannoni testified that in November 2003, he was the
manager of environmental services at Michael Reese Hospital.  In
that position he supervised all of the housekeeping employees,
including defendant, who was working from approximately 2:30 p.m.
to 11 p.m. on November 14, 2003.  On that date, defendant was not
assigned to clean the pathology department.  Giovannoni further
testified that, in the hospital, clear garbage bags are used for
regular waste, red bags are used for biohazardous waste, and
black bags are not used.

UNTRUE → Chicago police officer Moriarty testified that he arrested
defendant and advised him of his <u>Miranda</u> rights.  After learning
that officers had recovered a video surveillance tape, defendant

1-06-0409

told Officer Moriarty that all of the office doors were unlocked
and that all he had carried out were four red plastic bags.
Officer Moriarty further testified that no microscopes were
recovered from defendant, his house, or his car.

In light of these facts, we disagree with defendant's
contention that it was contrary to human experience for the trial
court to infer that the plastic bags could support the weight of
the microscopes without tearing.  We also find defendant's
argument that his presence in the pathology department could be
explained by his employment at the hospital to be belied by the
record, and note that the trial court was not "required to
elevate to the status of beyond a reasonable doubt any shred of
evidence compatible with innocence."  People v. Rogers, 77 Ill.
App. 3d 989, 991 (1979).

We also reject defendant's contention that counsel, David
Wiener, rendered ineffective assistance for failing to view the
video tape and telling defendant that there was nothing on it.
The record shows that at the separate Krankel hearing held on
this and other claims of ineffective assistance raised by
defendant in the trial court, Wiener testified that he did not
view the tape because the proper equipment to view a "fast time"
recording was unavailable.  He also testified that, one week
before trial, the State indicated that it had not yet found a
machine that could play the tape and did not plan to use the tape

- 4 -

1-06-0409

at trial. Thus, the record shows that Wiener's representation
did not fall below an objective standard of reasonableness under
prevailing professional norms. <u>Strickland v. Washington</u>, 466
U.S. 668, 687-88, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

Moreover, defendant did not suffer prejudice because Wiener
did not represent him at trial due to a scheduling conflict. The
record shows that the attorney who actually represented defendant
at trial, Michael Oppenheimer, viewed the tape before doing so.
Thus, defendant's contention of ineffective assistance of counsel
lacks merit. <u>Strickland</u>, 466 U.S. at 687-88.

We reach the same conclusion with regard to defendant's
claim of ineffective assistance of trial counsel Oppenheimer.
Defendant specifically contends that Oppenheimer was ineffective
for viewing the tape just prior to trial, for failing to seek a
plea agreement from the State after learning how damaging the
evidence on the tape was, for failing to inform defendant of the
number of State witnesses that would testify against him, and for
being ill-prepared to present defendant's time card as evidence.
With regard to the first contention, the record shows that
counsel's conduct was reasonable in light of the fact that no
machine to view the tape had been located until that time, and
defendant has not shown how he was prejudiced by the timing of
counsel's viewing. Thus, defendant has not established that
counsel rendered ineffective assistance in that respect.

- 5 -

1-06-0409

<u>Strickland</u>, 466 U.S. at 687-88.

The remaining contentions relating to Oppenheimer's purported ineffectiveness involve matters outside of the record and, thus, are not proper subjects on direct appeal. <u>People v. Brown</u>, 249 Ill. App. 3d 986, 994 (1993). The same is true of the correspondence and affidavits relating to defendant's ineffective assistance of counsel claims which he provided in his second response to appellate counsel's motion to withdraw. <u>Brown</u>, 249 Ill. App. 3d at 994.

We further find defendant's assertion that his <u>Krankel</u> hearing was defective to be without merit. The trial court fulfilled its duty to inquire into defendant's *pro se* claims of ineffective assistance of counsel by conducting a hearing at which both Wiener and Oppenheimer responded to the allegations. <u>People v. Moore</u>, 207 Ill. 2d 68, 77-78 (2003). The responses provided by the attorneys and the trial record support the trial court's determination that defendant's claims were without merit.

In addition, contrary to defendant's assertion, we find that certain comments made by the trial court during defense counsel's cross-examination of State witnesses are not indicative of bias against him. Rather, the comments constituted proper exercise of the trial court's authority to limit the scope of cross-examination. <u>People v. Fontana</u>, 251 Ill. App. 3d 694, 702-03 (1993).

1-06-0409

Defendant's contention that his sentence is void because the trial court never advised him of the possibility of an extended sentence is equally without merit.  Trial courts are required to provide detailed admonishments regarding the possible minimum and maximum sentence a defendant faces only in the case of a guilty plea.  People v. Burcham, 208 Ill. App. 3d 939, 942 (1991). Here, defendant pleaded not guilty and was convicted after a trial, and therefore was subject to any sentence the trial court chose to impose at the sentencing hearing, as long as it was within the relevant statutory range.  Burcham, 208 Ill. App. 3d at 942.

Finally, contrary to defendant's assertion, his sentence of 15 years' imprisonment was not excessive.  Defendant's sentence was within the statutory guidelines which mandated that, as a Class X offender, he be sentenced to between 6 and 30 years' imprisonment (730 ILCS 5/5-5-3(c)(8) (West 2004); 730 ILCS 5/5-8-1(a)(3) (West 2004)).  This sentence was proportionate to the nature of the offense defendant committed and we find no basis to conclude that the trial court abused its discretion in imposing it.  People v. Costello, 224 Ill. App. 3d 500, 510-11 (1992).

Accordingly, we grant the motion of the State Appellate Defender for leave to withdraw as counsel, and affirm the judgment of the circuit court of Cook County.

Affirmed.

Wolfson, P.J., with South, and Hall, JJ., concurring.

- 7 -

No. 1-06-0409

IN THE APPELLATE COURT OF THE STATE OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS ) | Appeal from the Circuit Court |
|     Plaintiff-Respondent, ) | of Cook County, Illinois **FILED** |
| ) | No. 03 CR 26653   **APPELLATE COURT 1st DIST.** |
|   -V.- ) | |
| ) | Hon. Lawrence P. Fox   MAR 0 6 2007 |
| RONALD CLEVELAND, ) |     Judge Presiding. |
|     Defendant-Appellant. ) | **STEVEN M. RAVID** |
| ) | **CLERK** |
| ) | |

### MOTION IN OPPOSITION TO APPOINTED COUNSEL'S
### MOTION TO WITHDRAW UNDER  Anders v. California

Appellant, RONALD CLEVELAND, acting in **pro se**, comes now

before this Honorable Court and requests the Court to Appoint New

Counsel to argue meritorious issues that appellant has preserved

for review; or in the alternative, to direct appellant's current

counsel to proceed with his appeal. In support thereof Appellant

States  as follows;

1) Following a bench trial, Appellant was found guilty of the

charge of burglary on August 24,2004. In a subsequent hearing

regarding sentencing Appellant complained on record that he had

received ineffective assistance of trial counsel (10/1/04). The

Trial Court held a hearing on the matter on October 18,2004, where

it erroneously held that defendant received effective assistance

and sentenced him to a period of fifteen years in the I.D.O.C.

(K4-K27).

2) On appeal the State Appellate Defender was appointed. Asst.

Appellate Defender Ginger Leigh Odom filed an **Anders**, brief to

withdraw. The brief was filed on January 24,2007. Appellant now

give arguments that he believes contain merit, and reasons for

this Court to deny counsel's Anders Brief and order that his appeal

1 )

proceed forward.

In **Anders v. California,** 386 U.S. 738, 18 L.Ed.d 493, 87 S.Ct. (1967) The Supreme Court held "that the Constitutional right to counsel requires that on an indigent's first appeal from his conviction , court appointed counsel support the appeal from the best of his ability, requesting permission to withdraw only if he finds the case to be wholly frivolous, in which event [he] must file a brief referring to anything in the record that might arguably support the appeal." Appellant has meritorious Constitutional issues that need to be addressed by this Honorable court including;

## SUFFICIENCY OF EVIDENCE/BEYOND REASONABLE DOUBT

A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates reasonable doubt of defendants guilt.**People v. Vriner** (9178) 74, Ill.2d 329,342, 24 Ill. Dec. 530,535,585 N.E.2d 671, 676. When trier of fact in a burglary case decides whether evidence was sufficient to infer defendant's intent to commit theft, relevant circumstances it should consider include time, place and manner of entry into premises, and any alternative explanations which may explain his presence. **People v. Hopkins** 2229 Ill. App.3d 665 593 N.E. 2d 1028.

In the case at bar petitioner could explain his presence at a hospital where he had worked for over 10 years. None of the witnesses were present when the burglary occurred. All that exists is a video tape of Mr. Cleveland seen entering a hallway and enter what appears to be a few offices. Then he appears again throwing out bags. There is no proof whatsoever that the bags contained the stolen microscopes (R.G77) The trial court stated it took into consideration the fact

2)

that appellant was seen in the video breaking into offices with
some sort of tool while wearing gloves (SR.81-82). However the
testimony of Tim Anderson (Director of human resources ) refutes
that this was on the video. During Cross examination he conceeded
that  from the tape it could not be determined how the person got
in, whether they were let in or whether they used a swipe card (R.G-57).
If you subtract the statement by the court that the defendant was
seen  on video breaking into the rooms there exists reasonable doubt.
Further it is unlikely at best that steel microscopes that were 15 in.
high and a base of 12 square inches would not tear a plastic bag.
Where evidence is unreasonable, improbable or unsatisfactory as to
justify a finding of guilt the case should be reversed. In this case
it is contrary to human experience that the bags would not tear,
or that somone who had a swipe card did not let defendant into the
offices for legit purposes. Moreover, defendants superviser could
not remember the exact hours that petitioner worked  on the night
in question R.G.161  (j-4,5)

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

A. Failure to prepare for trial/ misrepresenting facts to client.
    This case and conviction pivoted on one single piece of evidence,
a video cassete of defendant allegedly breaking into offices at
Michael Reese Hospital where he worked. Surely, it can't be said
that the failure to view a single and very damaging piece of
evidence was trial strategy. That is exactly what occurred here. (J-22)
Paid attorney Wiener clearly states that he failed to view the tape
because it was in fast time. He stated he believed that the tape (E-3)
would not be used and misrepresented to defendant that there was

3)

nothing on the tape (R.6,7 ). Had defendant actually been made aware
of the weight of this evidence he would not have opted to go to trial.
It was not defendants best possible option to be blindly led into
an ambush by the state, and his decision to elect a trial was made
unknowingly and uninformed. Instead of discussing defense strategies
, stand in attorney Mr. Oppenheimer should have told defendant how
damaging the tape was and further should have sought a plea agreement.
B. There was some discussion about the time that defendant was
working (R.G.16). Defense counsel should have been prepared to
present the time card that actually represented the time defendant
worked. His failure to do so was prejudicial to this case as it
left the inference that  defendant had no reason to be at work
during the time that he was taped (SR.18-19). (R.G-84)
C. Petitioner was never made aware that his case was being passed
on to another attorney. Stand in Attorney Oppenheimer openly
admitted that he had not viewed the tape until just prior to the
trial.

D. Petitioner was not informed of how many witnesses would testify
nor the gravity of the evidence against him. (R.K6-7)
E. Defendant would also claim that the Krankel hearing was also
defective because the judge abused  his discretion in finding that
he had been aforded effective assistance of counsel when trial
counsel never made defendant aware of how damaging the tape was.
Defense counsel 's performance was not only ineffective, but counsel
abandoned the required duty of loyalty to his client, he acted in
total disregard for his clients best interest , and absent the errors
the end result would have been different. There exist so many cases

4 )

that could support the ineffective assistance of counsel that petitioner  hopes that appointed counsel will opt or be required to assist him with these issues, as he is unsure how to proceed.

## III.  THE TRIAL COURT WAS PREDISPOSITIONED AGAINST DEFENDANT

Trial counsel's failure to object to improper comments and prejudicial remarks  made by trial court may constitute inneffective assistance of counsel. **Pocaro V. United States,** 784 F.2d 38 (1st Cir. 1986).

From the very onset of this case the trial court shunned and attempted to imtimidate trial counsel with remarks that indicated the court was predispositioned in favor of the State and their witnesses. Early in the trial before evidence was ever presented while trial counsel was in the process  of cross examining the states first witness asked; Sir you did not see my client enter into the pathology unit? The court snapped " Now why would you ask?" Ok Go ahead. I mean he is not saying that, so you dont understand he doesnt need to be" (R.G-20). Then in response to the states objection the court remarked "the word know is not a good word we dont know what that means" and further comments "Fine I didnt think there were any questions really" (R.G-21). . While trial counsel was asking questions concerning the purchases of the alleged stolen material the court remarked "Come on" "those questions don't need to be asked "(R.G.-65). and again later the court remarked "you want to argue?" (R.G-75). The trial courts attitude throughout the entire trial no doubt had an effect on the end result and the outcome of the **Krankel** hearing to determin the effectiveness of trial counsel.

5)

## IV. THE COURT FAILED TO MAKE DEFENDANT AWARE THAT HE WAS FACING AN EXTENDED TERM PRIOR TO TRIAL

At no time prior to trial did defense counsel, the state or the court ever inform defendant that he was in fact facing an extended term. The trial court remarked "The charge in this case is burglary. It is Class 2 felony punishable by three to seven years in the Illinois Department of Corrections. Right. Okay" (R. G-5). Then later sentenced him to a sentence of 15 years. (K21,C.69) Had defendant known that he was eligable to the extended term or that the the video was damaging to his defense he would have opted to request a plea offer.

Since he was never informed of the enhancement he should be held to the stipulations of the trial court and a sentence of 3 to 7 years. "A sentence which does not conform to a statutory requirement is void." **People v. Arna**, 168 Ill.2d 107,113,658 N.E. 2d 445 (1985). Notably the Illinois Supreme Court has granted Leave to appeal in the case of **People v. Waltrip**, 207 Ill.2d 626,807 N.E. 2d 981 (2004) No.97299) on the issue of whether the add on sentence is found unconstitutional, the proper remedy is to strike the additional years and allow to remain the judicially imposed portion of defendants sentence. Thus since defendant was never pre-warned that the add on existed prior to trial he should have his sentence reduced to 7 years in the Illinis Department of Corrections.

In addition to the aforementioned arguments defendant would greatly appreciate a review of the arguments considered by the Appellate defender on page 14 of her **Anders** Brief. Specifically defendant was under the opinion that his sentence was excessive in light of the fact that his past convictions happened more than

6)

ten years ago and since that time he has maintained a steady work history. (C.26) (J-11)(j-3,8)


　　WHEREFORE, for reasons stated herein, Appellant, RONALD CLEVELAND, prays that this honorable Court will deny Counsel's Motion to withdraw, and order said counsel to proceed with the appeal; or in the alternative, to appoint substitute counsel to represent Appellant on appeal.


　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　*Ronald Cleveland* #N 90847
　　　　　　　　　　　　　　　Ronald Cleveland
　　　　　　　　　　　　　　　Reg No.
　　　　　　　　　　　　　　　Western Illinois C.C.
　　　　　　　　　　　　　　　R.R.4, Box 196
　　　　　　　　　　　　　　　Mt. Sterling Illinois
　　　　　　　　　　　　　　　62353

STATE OF ILLINOIS)
　　　　　　　　　) SS
COUNTY OF BROWN )

### VERIFICATION

I, Ronald Cleveland, **pro se**, hereby duly swears under penalties provided by law pursuant to sec.1-109 of the Code of Civil Pro-cedure, that I am the Appellant in this cause, and that the statements set forth in the forgoing motion and this affidavit are both true and correctexcept as to matters therein stated to be  on information and belief, and that such matters are true and correct based on belief.


　　　　　　　　　　　　　　　*Ronald Cleveland*
　　　　　　　　　　　　　　　Ronald Cleveland


7 )

No. 1-06-0409

PEOPLE OF THE STATE OF ILLINOIS )
     Plaintiff- Respondant      ) Appeal from the Circuit Court
                                 ) of Cook County, Illinois
     -vs.-                       )
                                 ) No. 03 CR 26653
RONALD CLEVELAND,                )
     APPELLANT- DEFENDANT.        )

NOTICE OF FILING/PROOF OF SERVICE

STEVEN M. RAVID, The Clerk of
the Appellate Court 1st Dist.
160 North LaSalle 14th Floor
Chicago Il. 60601

   PLEASE TAKE NOTICE that on  $\mathcal{F}\!\mathcal{E}\!\mathcal{B}.~28^{th}$         ,2007 I have
listed below in the institutional mail  at Western Illinois C.C.
properly addressed and with the correct postage for mailing through
the United States Postal Service;   4 copies of Appellants
**MOTION IN OPPOSITION TO APPOINTED COUNSEL'S MOTION TO WITHDRAW**

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I
Ronald Cleveland declares under penalty of perjury, that I am
the named party in the above action, taht I have read the above
documents, and that the information contained therein is true and
correct to the best of my knowledge.

$\mathcal{F}\!\mathcal{E}\!\mathcal{B}.~28^{th}$          ,2007

                                    Ronald Cleveland #N90847
                                    Ronald Cleveland **pro se**
                                    Reg No. N-90847
                                    R.R.4, Box 196
                                    Mt. Sterling, Il 62353

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

Criminal Division
2650 South California Avenue
Room 526
Chicago, Illinois 60608
(773) 869-3147
FAX (773) 869-4444
www.cookcountyclerkofcourt.org

**OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

June 16, 2008

Ronald Cleveland #N90847
Vienna C.C.
6695 State Rt. 146 East
Vienna, IL 62995

Dear Ronald Cleveland:

RE: Case Number 03CR2665301

Please be advised that on 06/11/08, the Honorable Judge Lawrence P. Fox denied your motion for Production of Documents. Previous Order to stand.

If you have additional questions regarding this ruling, please contact your attorney, or the public defender.

Office of the Public Defender, Cook County
2650 South California Avenue
7th Floor
Chicago, IL 60608
(773) 869-3222

Sincerely,
**Dorothy Brown**
Clerk of the Circuit Court of Cook County, Illinois

By:______________________ Deputy Clerk

CCCR EF18-2/14/2007. Motion Denied Letter.

**MISSION STATEMENT**

The mission of the office of the Clerk of the Circuit Court of Cook County is to serve the citizens of Cook County and the participants in the judicial system in a timely, efficient and ethical manner. All services, information and court records will be provided with courtesy and cost efficiency.